## Reilly's Estate.

*Wills—Construction—Gift to A until he shall marry and have lawful issue, with gift over on his death without issue—Termination of trust.*

Under a gift in trust for A "until he gets married and have issue lawful," in which event the principal is to be paid him, with gift over to testatrix's heirs if he die "without leaving lawful issue," A is not entitled to have the trust terminated, although he is thirty-six years old, married and has no issue and is his mother's sole heir and next of kin, as by making other provision for him she showed that she did not intend him to take as an heir.

Exceptions to adjudication. O. C. Phila. Co., Oct. T., 1905, No. 614.

*Fred. J. Knaus,* for exceptions; *Otto Krauss, Jr.,* contra.

VAN DUSEN, J., Dec. 30, 1924.—The testatrix gave the residue of her estate, real and personal, in trust to use and to expend the net income thereof for the support, maintenance and education of her son, Edward Furey Morrison, until he reached the age of twenty-five years, at which time he was to receive one-fourth of the principal; then in trust to pay him the income of the remaining three-fourths until he reached the age of twenty-seven years, when he was to receive another one-fourth of the principal; and then in trust to pay the net income of the remaining one-half to him "until he gets married and have issue lawful, when the balance of said residuary estate shall be turned over absolutely to my son and his heirs forever, and if my son shall die without leaving lawful issue, then one-half of my residuary estate to go to my heirs forever equally share and share alike."

The son in question is now thirty-six years old, is married and has no children, and he was the sole heir and next of kin of his mother, the testatrix, at the time she died. He asked that the principal of the fund be awarded to him absolutely, on the ground that he was entitled as his mother's heir in any event, and was, therefore, the sole party in interest. The auditing judge awarded the fund back to the trustee, in trust for the purposes of the will.

Tatham's Estate, 250 Pa. 269, illustrates the general rule that a provision in a will for the "heirs" of a testator means those who are his heirs at the time of his death; and also the exceptional case where this rule must yield to the expressed intent of the testator to the contrary. In that case there were provisions of income for the widow and sons, with remainders to the issue of the sons (not to the sons themselves); and in default of such issue, to the testator's heirs and distributees under the intestate laws. The sons were the testator's "heirs and distributees" at the time of his death, there was nothing to show an intent to exclude them, and the general rule was applied. There were also certain additional provisions as to the widow, viz., that the gifts of income to her were to be in lieu of her interest under the intestate laws, and that she should have a power of appointment over part of the principal in remainder. It was held that the testator showed in this way an intent to exclude his widow from sharing in the remainder.

So, in the present case, the gift to the son of the testatrix is to take effect upon his marrying and having issue, and the gift over to the heirs of the testatrix is in another event. By making express provision for her son, she showed that she did not intend that he should take as an "heir," and that she used the word in a limited sense. Whether the heirs are to be determined at the death of testatrix, excluding the son, or at the death of the son, we need not decide now, for the reason that the trust must continue in order to ascertain if the son has issue.

The exceptions are dismissed and the adjudication is confirmed absolutely.